120 So.2d 916

Ansley H. **WHEELER**

v.

**STATE.**

**4 Div. 425.**

Court of Appeals of Alabama.

May 24, 1960.

Allen Cook, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of possessing a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

For the state W. O. Catrett and Roy Free testified that, acting as Beverage Control agents for the state of Alabama, on September 11, 1959, they observed defendant, together with two men named Ivey and Watson, going in the direction of the still, the location of which was already known to the officers. The men were carrying jugs, fuel oil and various equipment. The officers separated and Mr. Catrett proceeded down the trail behind defendant and the others, but unobserved by them. When he reached the still site he watched the defendant cleaning out the furnace and installing gravity feed burners under the still. One of the other men was helping the defendant and the third man was standing on top of the still pouring fuel oil into the tank that fed the burners. All three of the men were placed under arrest at the still.

The officers stated that all the parts necessary for a complete still were present, but were unassembled. The still contained beer ready for processing into whiskey.

Defendant admitted that he was arrested at the still with Watson and Ivey, but he denied ownership or operation of the still. He testified that he was merely standing near the still whittling on a stick with a pocket knife when the officers appeared.

■ The evidence presented a question for the jury and was sufficient to sustain the verdict. The court properly refused the general affirmative charge requested in writing by the defendant.

■ There is no merit in defendant's contention that the state failed to prove venue. Mr. Catrett testified the place where he saw defendant was just off the Gantt-Red Level Highway in Covington County. Mr. Free testified the still was in Covington County.

■ The defendant called as witnesses in his behalf Lonnie Watson and Vernon Ivey. Each witness was asked the following questions:

1. If they remembered the occasion in September when they were arrested with defendant at the still?

2. Whether or not defendant did anything in and about the operation of the still on the occasion of the arrest?

3. Whether witnesses knew of their own knowledge if defendant had invested any money in building the still or whether he claimed ownership or interest in it?

The witnesses declined to answer each of said questions on the ground that to do so would tend to incriminate them. The court refused to compel the witnesses to answer the questions.

Article 1, Sec. 6, Constitution of Alabama 1901 protects witnesses from giving self incriminating evidence.

In Ex parte Blakey, 240 Ala. 517, 199 So. 857, 861, the court said:

"* * * when a witness declines to answer a question upon the ground that his answer may tend to incriminate himself, it is in the first instance the prerogative of the court to consider and to decide whether any direct answer to the question can implicate the witness."

We are of the opinion that answers to the questions propounded to witnesses would have had the tendency claimed by them, and that the court properly sustained the witnesses' claim of privilege.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.